**Jewel GRAHAM, Administratrix of the Estate of Don L. Graham, Deceased, Petitioner,**

**v.**

**Opal GRAHAM, d/b/a Texaco Cafe, American Surety Company of New York, and State Industrial Court of the State of Oklahoma, Respondents.**

**No. 40446.**

Supreme Court of Oklahoma.

March 24, 1964.

G. Lee Jackson, Muskogee, for petitioner.

George F. Short, Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for respondents.

Charles Nesbitt, Atty. Gen., for State Industrial Court.

DAVISON, Justice.

Jewel Graham, Administratrix of the Estate of Don L. Graham, Deceased, hereinafter called claimant, filed her claim in the State Industrial Court for compensation under the Death Benefit Provisions of the Workmen's Compensation Law, 85 O.S.1961 § 1 et seq., alleging that her husband, the deceased, sustained an accidental injury resulting in death on February 22, 1962. The respondent Opal Graham and the insurance carrier filed an answer denying the deceased was an employee of respondent and alleging that, if deceased was an employee, the injury and resulting death of deceased did not arise out of his employment. The trial judge entered an award in favor of claimant and on appeal to the court en banc the award was vacated and the claim was denied.

This proceeding is brought to review the order denying the award.

The briefs of the parties argue both the question of employment and whether the death arose out of the employment. A determination of either of these questions adverse to claimant will defeat an award. In view of our conclusion we will assume deceased was an employee and determine only the question of whether his death arose out of his employment.

On the date of his death the deceased was operating the Texaco Cafe in Warner, Oklahoma. There is no dispute concerning the circumstances of his death by gunshot wounds inflicted by one Ramey. Ramey's wife worked in the cafe and had filed a divorce action against Ramey which was pending. Ramey had been under psychiatric care and often came in the cafe in the evening. On October 25, 1961, claimant had sued deceased for divorce and had dismissed the suit on February 19, 1962. About 6 p. m. on February 22, 1962, the deceased was sitting at a table in the cafe totaling up the day's receipts when Ramey stepped from a telephone booth, located back of deceased, and with no warning and without saying anything, shot the deceased twice in the head, killing him instantly. Ramey then shot his wife and a customer in the cafe. At the time of the shooting Ramey had been in the cafe about 15 minutes and had spoken to no one. There was no attempt to rob or take the cafe's money and there was no testimony of any acts or words spoken by Ramey after the shooting. There was no explanation for the acts of Ramey except that they may have been due to his mental condition.

In Stanolind Pipe Line Co. v. Davis, 173 Okl. 190, 47 P.2d 163, 164, we stated:

"An injury 'arising out of' the employment, within the meaning of the Workmen's Compensation Act, must have resulted from a risk reasonably incident to the employment. There must be apparent to the rational mind, upon consideration of all the circumstances, a causal connection between (1) the conditions under which the work is required to be performed and (2) the resulting injury."

In Brantley v. State Industrial Commission, Okl., 315 P.2d 779, the claimant was a bell hop in a hotel and was assaulted by unknown persons when he answered a call to a room in the hotel. There was no apparent reason for the assault and there was no evidence that the assault was committed by reason of something connected with the business of the employer. Therein we sus-

tained the order denying an award and stated that this court had adopted the rule that an employee who sustains an accidental injury due to assault by a third person does not sustain an accidental injury arising out of the employment if the assault is personal to the employee.

Likewise in Cox v. Cox, Okl., 379 P.2d 704, the evidence failed to disclose the assault upon the employee had any connection with the business of the employer. Therein we quoted from the Brantley case, supra, and sustained the order denying the award.

In Mullins v. Tanksleary, Okl., 376 P.2d 590, 591, in discussing the circumstances under which an assault is regarded as not arising out of the employment, we stated:

"It may be stated as a general rule of law that where an employee is assaulted by a third person through animosity, ill-will or other 'personal' causes wholly disconnected from employment, or where a wilful injury is inflicted by an unknown assailant for no apparent reason, no recovery may be awarded for resulting disability even though the assault occurred when the workman was discharging the duties of his employment. Under the circumstances so outlined, the injury is not regarded as arising out of employment, but is deemed attributable to a purely personal risk. * * *"

■ The fact that in the present case the identity of the assailant was known does not, under the circumstances, render the above statement of law inapplicable. There was an absolute lack of any evidence showing that the assault was by reason of something connected with the business of the employer.

Claimant argues in her brief that respondent permitted Ramey to frequent the cafe with knowledge that he had received psychiatric care and had "dangerous propensities" and that this was a risk to which the deceased employee was exposed. It was stipulated Ramey had been under psychiatric care, but there is nothing in the record of any "dangerous propensities." Under this state of the record we express no opinion on this argument.

The cases cited by claimant are distinguished or shown to be inapplicable in Cox v. Cox and Brantley v. State Industrial Commission, supra, as being cases where the assault was by reason of something connected with the employer's business.

■ In Cloer v. K & H Construction Company, Okl., 281 P.2d 421, it is stated:

"The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate an order denying an award."

There is competent evidence reasonably tending to support the order denying the award.

Order denying award sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, J., concurs in result.