E. Ozean MORRIS and The State Workers' Compensation Court, Respondents,

v.

The CITY OF OKLAHOMA CITY, a municipal corporation, Petitioner.

No. 52626.

Supreme Court of Oklahoma.

Dec. 18, 1979.

As Modified On Denial of Rehearing Feb. 4, 1980.

Rice & West by William O. West, Edmond, for respondent, E. Ozean Morris.

Walter M. Powell, Municipal Counselor by Diane L. Davis, Asst. Municipal Counselor, Oklahoma City, for petitioner.

HODGES, Justice.

The claimant, E. Ozean Morris, alleges that the Court of Appeals committed error when it vacated the en banc order of the Workers' Compensation Court. The Court of Appeals held that the claimant's injury did not arise out of and in the course of her employment.

The claimant was employed as a typist for the Parks and Public Events Department of the City of Oklahoma City, Oklaho-

ma. She had been directed by her supervisor not to leave the building during working hours except to go to lunch. On January 18, 1978, before noon, two men employed by the department came into claimant's office and told her that the weather was getting extremely cold, and that if she planned to go out for lunch she should leave and start her car. The claimant responded that she needed to get a dictionary out of her car because someone had borrowed the one furnished by her employer. She left the building shortly before noon and started her car. At the same time, she retrieved her personal dictionary. On her return the claimant slipped and fell on a ramp leading into the building. Injuries were sustained to her low back, left hand, and neck.

The trial court held that the injury arose out of and in the course of claimant's employment; entered an award for temporary disability; and found that claimant was still in need of medical care. The Workers' Compensation Court en banc modified the trial court's order to provide that temporary total disability payments not extend beyond June 1, 1978, but affirmed the decision in all other respects.

## I

 This Court has consistently held that injuries going to and from work, occurring on the employer's premises, arise out of and are in the course of employment.[1] The evidence was undisputed that a dictionary was necessary for the claimant to properly perform her work; and that on that particular day she did not have a dictionary, except for the dictionary which she had left in her car. The claimant was still on duty at the time of the accident. The injury sustained by the claimant happened while she was returning to her desk after obtaining the dictionary. The fall and resulting injuries occurred on the employer's premises. It is apparent by claimant's actions that

her trip to her car was not solely a personal mission, otherwise, she would not have returned to the building.

The testimony reasonably supports the findings of the Workers' Compensation Court. We have consistently held that the question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Workers' Compensation Court under the circumstances of each particular case, and where there is any testimony reasonably tending to support its findings, it will not be disturbed on appeal.[2]

## II

 The City of Oklahoma City, petitioner herein, objects to that portion of the en banc order requiring it to pay medical bills from two physicians. City was · aware claimant was treated by two doctors prior to filing its answer and made no objection at that time. City had refused to provide medical treatment. Claimant was thus justified in seeking treatment on her own under 85 O.S. 1971 § 14.

 City also sought credit against the award for its payments to claimant while she was absent from work due to the injury. These payments were deducted from earned vacation and sick leave time and were not wages in lieu of compensation as contemplated by 85 O.S. 1971 § 41.1.

CERTIORARI GRANTED; EN BANC ORDER OF WORKERS' COMPENSATION COURT AFFIRMED; DECISION OF COURT OF APPEALS REVERSED.

WILLIAMS, SIMMS, DOOLIN, HARGRAVE and BRETT, JJ., concur.

LAVENDER, C. J., IRWIN, V. C. J., and BARNES, J., dissent.

The Honorable MARIAN P. OPALA having certified his disqualification in the above cause, the Honorable TOM BRETT was appointed in his stead.

---

1. *Max E. Landry, Inc. v. Treadway,* 421 P.2d 829 (Okl.1966); *Nelson Electric Mfg. Co. v. Chatwell,* 203 Okl. 417, 222 P.2d 750, 751 (Okl. 1950).

2. *Howland v. Douglas Aircraft Co.,* 438 P.2d 5 (Okl.1968); *City of Holdenville v. Bise,* 341 P.2d 588, 590 (Okl.1959); *Sinclair Prairie Oil Co. v. Stevens,* 194 Okl. 109, 148 P.2d 176, 180 (1944); *Oklahoma Gas & Electric Co. v. Santino,* 158 Okl. 70, 12 P.2d 221, 222 (1932).