Henry THOMAS, Appellant,

v.

KEITH HENSEL OPTICAL LABS, Casualty Reciprocal Exchange, and the Workers' Compensation Court, Appellees.

No. 57438.

Supreme Court of Oklahoma.

Oct. 12, 1982.

Jim Grennan, Grennan, Faulkner & Koenig, Oklahoma City, for appellant.

Bruce V. Winston, Stewart & Elder, Oklahoma City, for appellees.

OPALA, Justice:

The issue presented on certiorari is whether every injury that occurs on an employer-provided parking lot while a claimant is going to or coming from work does, as a matter of law, arise out of and in the course of employment. We answer in the negative.

Henry Thomas [Claimant] was employed as a lens grinder by Hensel Optical Labs [Employer]. On the morning of the accident the claimant's supervisor informed the staff that the lab would close early that day due to inclement weather and advised the employees they should take only thirty minutes for lunch instead of the normal one-hour lunch break beginning at twelve o'clock. About five minutes before the noon hour the claimant left his work station to go to the parking lot for the purpose of removing ice from the windshield of his car prior to departing for lunch. Before he reached the car, the claimant slipped on the ice and injured his neck.

■ The trial judge found that the injury sustained was not one "arising out of *or* [sic] in the course of Claimant's employment". [Emphasis added]. The order denying compensation was affirmed by an appellate panel of the Workers' Compensation Court. The Court of Appeals vacated the order, holding that the trial tribunal applied the wrong rule because an injury sustained on an employer-provided parking lot while an employee is going to or coming from work is compensable as a matter of law. We granted certiorari and now vacate the decision of the appellate court. We hold that the statutory on-the-job protection afforded workers by our law does not provide them with insurance against *all accidents that occur within the workplace premises.* To be compensable, an accidental injury must not only occur *in the course of,* but it must also *arise out of,* the worker's employment.

Under Oklahoma's Workers' Compensation Act [Act], compensation is due an injured employee only when his injury satisfies both the requirements of "arising out of" *and* "in the course of" his employment.[1] These two elements are separate, equal and distinct; they are clearly expressed in conjunctive rather than disjunctive language. Thus, *both* requirements must be met before an injury comes within the purview of the Act.[2]

■ A determination that an injury *"arises out of"* employment contemplates a causal relationship between the act engaged in at the time injury occurs and the requirements of employment, while a determination that the injury occurred "in the course of" employment relates to the time, place or circumstances under which the injury is sustained.[3] The claimant's injury occurred in the parking lot—provided by the employer for the use of its employees—just as he was about to leave for lunch. Ordinarily, injuries sustained while going to and from work, when occurring on the employer's

---

1. The terms of 85 O.S. 1981 § 11 provide:

 "Every employer subject to the provisions of the Workers' Compensation Act shall pay, or provide as required by the Workers' Compensation Act, compensation according to the schedules of the Workers' Compensation Act for the disability or death of his employee resulting from an accidental personal injury sustained by the employee *arising out of and in the*

*course of his employment ...."* [Emphasis added].

2. *Hegwood v. Pittman,* Okl., 471 P.2d 888, 891 [1970]; *E.I. duPont deNemours & Co. v. Redding,* 194 Okl. 52, 147 P.2d 166, 168 [1944].

3. *R.J. Allison v. Boling,* 192 Okl. 213, 134 P.2d 980, 982 [1943]; *Hegwood v. Pittman,* supra note 2.

premises, are deemed to have arisen out of and in the course of employment.[4] This rule is subject to limitation by the requirement of a causal connection between injury and employment.[5] Thus, even though the element of occurring "in the course of" employment might be satisfied by the fact that the injury happened on the premises of the employer as the employee was departing work,[6] the requirement of "arising out of" employment necessitates an evaluation of whether the claimant's presence in the parking lot before his regular departure time was causally connected to the requirements of his employment.[7]

While the facts are uncontroverted, the evidence, taken as a whole, does lead to two equally reasonable but conflicting or inconsistent inferences. The claimant left his work station five minutes before his regular lunch hour in order to clear ice from his windshield. While he was not specifically told to do so, neither was he forbidden from doing it. He may have been so acting solely to carry out the instructions of his employer to shorten the normal lunch period, *if* the *only* way he could have complied with that instruction was to clear the ice *before* the half-hour period began. But, it is equally reasonable to infer that his sole purpose in clearing the ice and warming the car was to further his own need, personal convenience or comfort. The record does not establish whether the claimant could have complied with the employer's instructions if he had waited until twelve o'clock to leave his work station; nor is there any testimony as to any other reason or necessity for his early departure.

 Whether an injury does arise out of and in the course of a claimant's employment presents an issue of fact.[8] On nonjurisdictional issues this court must accept as binding the trial tribunal's findings of fact which are supported by competent evidence.[9] *Whenever conflicting or inconsistent inferences may be drawn from undisputed facts, the issue is not one of law but one of fact.*[10]

 We find here competent evidence from which the trial tribunal could infer that the claimant's on-the-premises errand was in furtherance of some personal purpose and hence did not arise out of his employment.[11]

Opinion of the Court of Appeals is vacated and the order of the trial tribunal reinstated.

---

4. *Max E. Landry, Inc. v. Treadway*, Okl., 421 P.2d 829, 831 [1966]; *Nelson Electric Mfg. Co. v. Shatwell*, 203 Okl. 417, 222 P.2d 750, 751 [1950]; *Morris v. City of Oklahoma City*, Okl., 606 P.2d 1129, 1130 [1979]. When there is no question of a causal connection between employee's presence in a parking lot and the requirements of his employment, there is no need for the court to examine the requirement of "arising out of" as a separate issue.

5. *White v. Milk Producers, Inc.*, Okl., 496 P.2d 1172, 1174 [1972]; *Belscot Family Center v. Sapcut*, Okl., 509 P.2d 905, 907 [1973].

6. *Belscot Family Center v. Sapcut*, supra note 5 at 908; *R.J. Allison v. Boling*, supra note 3.

7. *E.I. duPont deNemours & Co. v. Redding*, supra note 2.

8. *Pearl v. Associated Milk Producers*, Okl., 581 P.2d 894, 897 [1978]; *Bittman v. Boardman Co.*, Okl., 560 P.2d 967, 969 [1977].

9. The terms of 85 O.S. 1981 § 26 provide in pertinent part:

" * * * The decision of the Court [Workers' Compensation Court] shall be final as to all *questions of fact. . . .*" [Emphasis added]. *Merrill v. State Industrial Commission*, Okl., 290 P.2d 1095, 1098 [1955];. *Howland v. Douglas Aircraft Co., Inc.*, Okl., 438 P.2d 5, 6 [1968]; *Morris v. City of Oklahoma City*, supra note 4.

10. *Flick v. Crouch*, Okl., 434 P.2d 256, 260–261 [1967]. U.S. Supreme Court jurisprudence is totally consistent with our own. *FTC v. Pacific States Paper Ass'n*, 273 U.S. 52, 63, 47 S.Ct. 255, 258, 71 L.Ed. 534 [1927]; *Corn Products Refining Co. v. FTC*, 324 U.S. 726, 739, 65 S.Ct. 961, 967, 89 L.Ed. 1320 [1945]; *NLRB v. Nevada Consolidated Copper Corp.*, 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305 [1942]; *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 [1966]. See also *Radio Officers' Union v. NLRB*, 347 U.S. 17, 48–49, 74 S.Ct. 323, 340, 98 L.Ed. 455 [1954].

11. *Platner v. Bill Moore Chevrolet*, Okl., 400 P.2d 148 [1965].

IRWIN, C.J., BARNES, V.C.J., and HODGES, LAVENDER, HARGRAVE and WILSON, JJ., concur.

SIMMS, J., dissents.