**AMERICAN MANAGEMENT SYSTEMS, INC., and Pacific Indemnity Company, Petitioners,**

v.

**Sheila Mae BURNS and the Workers' Compensation Court, Respondents.**

No. 83146.

Supreme Court of Oklahoma.

June 6, 1995.

As Corrected June 14, 1995.

Rehearing Denied Sept. 27, 1995.

Steven K. Bunting, Malcolm D. Smith, Jr., Phillip C. Hawkins, Best, Sharp, Holden, Sheridan, Best & Sullivan, Tulsa, for petitioners.

Charles L. Cashion, Gloria E. Trout, McCaffrey & Tawwater, Oklahoma City, for respondents.

OPALA, Justice.

The single issue presented on certiorari is whether the trial judge's decision that the employee's death *arose out of* his employment stands supported by competent evidence? *We answer in the negative.*

## I

## THE ANATOMY OF LITIGATION

Sheila Mae Burns' [claimant] husband, Melvin Burns [Burns or employee], was assigned by American Management Systems, Inc. [employer] to install computer software in Oklahoma. This task required him to travel from his home in Maryland. On September 30, 1992 Burns left work in Oklahoma City and checked into Motel 6, a local inn of his choice. He was later discovered in his room robbed and murdered. The identity of his assailant remains unknown. The employer attempted to prove that at the time of his death the worker was on a personal errand.

The trial judge rejected the employer's defense theory and found (a) Burns' death occurred *in the course of* his job and (b) since Burns died while traveling on a work assignment for the employer, his demise *arose out of* his employment.

The Court of Appeals sustained the trial judge's award. We granted certiorari and now vacate the Court of Appeals' decision and the trial judge's award. We conclude that on this record there is no proof of the requisite nexus between the worker's death and the risks incident to his employment.

## II

## THE STANDARD OF REVIEW

■ When examining the compensation tribunal's factual resolutions, this court applies the *any-competent-evidence standard.*[1] The trial judge's non-jurisdictional *findings* may not be disturbed on review if supported by competent proof.[2]

## III

## AN EMPLOYEE'S COMPENSABLE INJURY MUST *NOT ONLY* OCCUR *IN THE COURSE OF* BUT MUST *ALSO ARISE OUT OF* THE EMPLOYMENT

■ Oklahoma's jurisprudence has long recognized that a compensable work-related injury must *both* (1) occur *in the course of*[3] and (2) *arise out of*[4] the worker's employ-

---

1. 85 O.S.1991 § 26; *Benning v. Pennwell Pub. Co.,* Okl., 885 P.2d 652, 654 (1994); *Owings v. Pool Well Service,* Okl., 843 P.2d 380, 382–383 (1992); *Lacy v. Schlumberger Well Service,* Okl., 839 P.2d 157, 160 (1992); *York v. Burgess–Norton Mfg. Co.,* Okl., 803 P.2d 697, 699 (1990); *Parks v. Norman Mun. Hosp.,* Okl., 684 P.2d 548, 549 (1984); *Graves v. Safeway Stores, Inc.,* Okl., 653 P.2d 1236, 1238 (1982); *Standish Pipe Line Co. v. Kirkland,* 188 Okl. 248, 107 P.2d 1024, 1025 (1940); *Barnes v. Indian Territory Illuminating Co.,* 170 Okl. 520, 41 P.2d 633, 635 (1935).

2. *Benning, supra* note 1 at 654–55; *Carpenter v. Douglas Aircraft Company,* Okl., 420 P.2d 911,

912 syl. 2 (1966); *Leffler v. McPherson Brothers Transport,* Okl., 396 P.2d 491, 493 (1964).

3. The term *"in the course of* employment" relates to the time, place or circumstances under which the injury is sustained. *Thomas v. Keith Hensel Optical Labs,* Okl., 653 P.2d 201, 203 (1982); *R.J. Allison v. Boling,* 192 Okl. 213, 134 P.2d 980, 982 (1943).

4. The term *"arise out of* employment" contemplates the *causal connection* between the injury and the risks incident to employment. *Hensel, supra* note 3 at 202; *Richey v. Commander Mills, Inc.,* Okl., 521 P.2d 805, 808 (1974); *Graham v. Graham,* Okl., 390 P.2d 892, 893 (1964); *Stanolind Pipe Line Co. v. Davis,* 173 Okl. 190, 47 P.2d 163, 164 (1935).

ment.[5] 85 O.S.1991 § 3(7).[6] These two distinct elements *are not to be understood as synonymous.* Because at the time of his murder Burns was in travel on assignment for the employer, his death undeniably occurred *in the course of* employment.[7] The *determinative question* here is whether there is a *causal nexus* between Burns' demise and the risks of his employment. The "arising-out-of-employment" element of the claim requires that an injury be *employment-related,* as opposed to one stemming from a purely *personal risk.*[8] In short, the record must show that *Burns' death was causally related to the risks incident to his mission for the employer.*[9]

## IV

## CLAIMANT HAS THE BURDEN OF ESTABLISHING THE CAUSAL CONNECTION BETWEEN INJURY AND EMPLOYMENT

■ Whether an employee's injury *arises out of* employment—*i.e.,* results from a risk which is reasonably connected to an assigned task—presents an issue of fact to be determined by the trial judge.[10] Before 1986 claimants were greatly aided in the probative process by the provisions of 85 O.S.1981 § 27,[11] which then operated to *shift to the employer* the burden of producing evidence upon the critical elements of proof. Since the repeal of § 27, that onus (both of producing evidence *and of persuasion* ) rests entirely on the claimant who must adduce every fact necessary to establish compensability.[12] With the legislative elimination of § 27, *no part* of that responsibility may now be passed to the employer. It is for these reasons that *pre–1986* jurisprudence on the quantum of proof needed to support an injury's nexus to employment must be re-examined for its conformity to the present-day probative regime.

## V

## THE 1986 AMENDMENT OF 85 O.S.1981 § 3(7) MAKES THE POSITIONAL–RISK TEST[13] UNAVAILABLE FOR PROVING AN INJURY'S CAUSAL NEXUS TO EMPLOYMENT

■ The 1986 amendment of 85 O.S.1981

5. *Hensel, supra* note 3 at 202; *Richey, supra* note 4 at 807; *Hegwood v. Pittman,* Okl., 471 P.2d 888, 891 (1970); *Graham, supra* note 4 at 893; *Royster v. McCoy,* Okl., 293 P.2d 587, 588 (1956).

6. The pertinent terms of 85 O.S.1991 § 3(7) make compensable "... only accidental injuries arising out of and in the course of employment.... *Provided, only injuries having as their source a risk not purely personal but one that is reasonably connected with the conditions of employment shall be deemed to arise out of the employment.*" [Emphasis added.]
   The italicized language, added in 1986, came to be inserted in obvious response to this court's then-recent holding in *Fox v. National Carrier,* Okl., 709 P.2d 1050 (1985).

7. *See Bayless v. Sparkman Livestock Sales,* Okl., 350 P.2d 233, 235 (1960); *Baash–Ross Tool Company v. State Industrial Com'n,* Okl., 289 P.2d 659, 662 (1955).

8. *See supra* note 6 for the pertinent terms of 85 O.S.1991 § 3(7).

9. *Graham, supra* note 4 at 894.

10. *Hensel, supra* note 3 at 203; *Pearl v. Associated Milk Producers, Inc.,* Okl., 581 P.2d 894, 897 (1978); *Richey, supra* note 4 at 808; *WKY Television System, Inc. v. Clay,* Okl., 451 P.2d 929 syl.

(1969); *Anderson v. Allis–Chalmers Mfg. Co.,* Okl., 387 P.2d 479, 480 (1963); *Mullins v. Tanksleary,* Okl., 376 P.2d 590, 592 (1962).

11. The pertinent provisions of 85 O.S.1981 § 27 were:

   "In any proceeding for the enforcement of a claim for compensation under the Workers' Compensation Act, *it shall be presumed in the absence of substantial evidence to the contrary:*
   1. *That the claim comes within the provisions of the Workers' Compensation Act.*" [Emphasis added.]

   \*   \*   \*   \*   \*   \*

   See Okl.Sess.L.1986, Ch. 222, § 32, effective November 1, 1986, which repealed the provisions of 85 O.S.1981 § 27.

12. Upon a death-benefit claimant rests the *onus probandi*—the *burden of persuasion.* When the evidence in the case is *evenly balanced,* the respondent wins. *See Director, OWCP v. Greenwich Collieries,* 512 U.S. ——, —— – ——, 114 S.Ct. 2251, 2255–58, 129 L.Ed.2d 221 (1994), for a scholarly explanation of the *distinction between the burden of persuasion and that of evidence production.*

13. "Under the positional risk doctrine, an injury may be said to arise out of employment if the

§ 3(7),[14] which requires the *source* of a compensable injury to be *employment-related—i.e., one that does not stem from a purely personal risk*—plainly contravenes this court's pronouncement in *Fox v. National Carrier.*[15] No longer may an injury be viewed as compensable *solely* because the worker, while in the course of employment, was exposed to the risk of harm.[16] *The law demands that the risk responsible for injury be causally connected to employment and exceed the ordinary hazards to which the general public is exposed.*[17]

# VI

**IN THE WAKE OF THE 1986 AMENDMENT OF 85 O.S.1981 § 3(7)[18] AND OF THE REPEAL OF 85 O.S.1981 § 27[19] THE *UNKNOWN ASSAILANT RULE*[20] STANDS REJECTED AS AN ACCEPTABLE PROBATIVE DEVICE SUPPORTIVE OF COMPENSABILITY; A CLAIMANT MUST PROVE THAT THE INJURY FOR WHICH COMPENSATION IS SOUGHT WAS CAUSALLY CONNECTED TO SOME EMPLOYMENT–RELATED RISK**

■ By its 1986 revision of 85 O.S.1981 § 3(7)[21] the Legislature plainly rejected that notion of the *unknown assailant rule*[22] which made an injury compensable *even if* the cause of the assault could not be shown as directly related to the employer's business. Claimants today are required to prove all elements of a claim.[23] This probative-process responsibility includes the onus of isolating an identified work-related risk that is causally connected to the injury.

■ The record before us amply demonstrates that (1) the claimant proved the first element of compensability, namely that Burns' death occurred *in the course of* his

injury would not have occurred *but for* the fact that the conditions or obligations of the employment placed claimant in the position where he was injured by a neutral force, meaning by "neutral" neither personal to the claimant *nor distinctly associated with the employment."* A. LARSON, *The Positional–Risk Doctrine in Workmen's Compensation,* 1973 DUKE L.J. 761. [Emphasis added.]

**14.** *See supra* note 6 for the present-day version of the amendment in 85 O.S.1991 § 3(7).

**15.** *Fox* held (a) that every employee in travel for the master *remains in the course of employment throughout the trip*—except only during a departure on a purely personal errand—and (b) *that every injury which occurs in travel, whether attributable to a work-related or personal hazard, is compensable. Fox, supra* note 6 at 1053.

**16.** The legislative intent in amending 85 O.S.1981 § 3(7) was doubtless to require that the source of the employee's injury be a *work-related,* rather than a *purely personal,* risk.

**17.** For a detailed explanation of what is to be deemed an *enhanced* on-the-job hazard from natural hazards, see jurisprudence discussing the proof required in Oklahoma to show compensable harm from *work-related heat exhaustion.* It declares that in heat stroke claims a worker's injury must be from exposure to the sun *more harmful than* that the general public would have experienced when in the same *locus in quo—i.e.,* when present at the time and place of the worker's injurious or fatal solar exposure. *Happel v. Bell,* Okl., 352 P.2d 400, 402 (1960); *Virgil Graham Construction Company v. Nelson,* Okl., 322 P.2d 651, 653 (1958); *Nims & Frost v. Abner,* 188 Okl. 356, 109 P.2d 237, 238 (1941).

**18.** *See supra* note 6 for the present-day version of the amendment in 85 O.S.1991 § 3(7).

**19.** For the pertinent terms of 85 O.S.1981 § 27, see *supra* note 11.

**20.** *Under the unknown assailant rule,* "[i]f the injured party is actually on the job working in the course of his employment for the employer at the time the assault occurred, he is entitled to compensation benefits, although the assailant may be unknown, and the cause of the assault is not directly related to the business of the employer." *B & B Nursing Home v. Blair,* Okl., 496 P.2d 795, 797 (1972).

**21.** *See supra* note 6 for the present-day version of the amendment in 85 O.S.1991 § 3(7).

**22.** *See supra* note 20 for the parameters of the *unknown assailant rule.*

**23.** *See supra* note 12 for a discussion of the burden of proof imposed on a death-benefit claimant.

employment, and (2) the trial tribunal *correctly* rejected—for lack of support in admissible proof—the employer's defense theory that Burns, when killed, was on a purely personal errand or mission. Nonetheless, the record entirely fails to show the presence of any employment-related *risk factors separate* from those which may be encountered by the general public using lodging similar to the facility selected by the decedent.

While it is uncontroverted that the identity of the decedent's assailant remains unknown and that robbery may have been a motive for the murder, there is *no* evidence showing the homicide was occasioned by some *employment-related risk,* as distinguished from the ever present hazard of criminal activity which affects the traveling public in general. In short, under the facts shown by this record Burns' demise was not proved to have *arisen out of* his employment.

## VII

## SUMMARY

Oklahoma's extant jurisprudence has long required that a compensable injury or death must *both* (a) *occur* in the course of and (b) *arise* out of a worker's employment. After the 1986 *repeal* of 85 O.S.1981 § 27, viewed in conjunction with the amendment of 85 O.S.1981 § 3(7) of the same year,[24] which enactments were in force at the time of Burns' death and continue in effect today, the burden of proving *both* critical elements stands cast on the claimant *alone.* To establish injury or death as attributable to an employment-related risk, the operative force of a hazard, *other* than that which *affects* the public *in general,* must be identified.

The law's requirement that compensable injury or death be *causally connected* to an employment-related risk is clearly repugnant and *antithetical* to the continued viability of both the positional-risk theory[25] and the unknown assailant rule[26]—the extra-statutory probative devices previously sanctioned by this court's compensation jurisprudence. These two evidentiary patterns of yore may no longer be relied upon to supply employment-related risks. A claimant *must* proffer evidence of a causal nexus to an identified employment-related hazard. Because the record is devoid of any competent evidence to support the notion that Burns' murder was related to a compensable "source" factor, his death cannot be said to have *arisen* out of employment. On certiorari previously granted,

**THE COURT OF APPEALS' OPINION AND THE TRIAL JUDGE'S AWARD ARE VACATED; THE PROCEEDING IS REMANDED WITH DIRECTIONS TO DENY THE CLAIM.**

KAUGER, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE, SUMMERS and WATT, JJ., concur.

ALMA WILSON, C.J., concurs in result.

---

**24.** *See supra* note 6 for the present-day version of the amendment in 85 O.S.1991 § 3(7).

**25.** For the elements of the *positional-risk test* see *supra* note 13. *See also Fox, supra* note 6, where a positional-risk analysis was used to find compensability.

**26.** For the components of the *unknown assailant rule* see *supra* note 20.