**CUDD PRESSURE CONTROL,**
Petitioner,

v.

**Kathy Diann McLEMORE, individually and as guardian ad litem for Stacie Nicole McLemore and Jarod Haskell McLemore, minors, and the Workers' Compensation Court, Respondents.**

No. 83130.

Court of Appeals of Oklahoma,
Division No. 3.

Feb. 20, 1996.

Certiorari Denied April 24, 1996.

Rose M.J. Sloan, Oldfield & Coker, Oklahoma City, for Petitioner.

Andrew Gass, Rex K. Travis, Oklahoma City, for Respondents.

## MEMORANDUM OPINION

ADAMS, Vice–Chief Judge:

Kent Haskell McLemore, an employee of Cudd Pressure Control (Employer), was killed in an automobile accident on April 11, 1986. Mrs. McLemore filed a claim for compensation, and after trial on January 19, 1993 and February 10, 1993, the Workers' Compensation Court granted her and her minor children death benefits. Employer filed an *en banc* appeal, and a three-judge panel essentially affirmed the trial court's order.[1] Employer then brought this review proceeding.

This is the second time we have considered this proceeding. Our first decision that Mrs. McLemore's claim should have been dismissed for lack of prosecution was vacated by the Oklahoma Supreme Court on May 9, 1995. The case was remanded back to this court on October 19, 1995, for consideration of Employer's remaining allegation of error—whether the trial court erred in finding that the death of Mrs. McLemore's husband arose out of and in the course of his employment.

In the meantime, the Oklahoma Supreme Court decided *American Management Sys-*

---

1. The panel modified the order only by adding a paragraph explaining that the discovery depositions of two witnesses were not admissible and were not considered. These depositions, taken July 28, 1986, although included in the appellate record, were likewise not considered by this Court.

*tems, Inc. v. Burns,* 903 P.2d 288 (Okla.1995). The *Burns* Court addressed the compensability of an injury received by an employee while on travel in the course of his employment, and concluded that no compensation was due unless "the risk responsible for injury [is] causally connected to employment and exceed[s] the ordinary hazards to which the general public is exposed." *Burns,* 903 P.2d at 292. According to *Burns,* the "positional risk doctrine," apparently adopted by the Court in *Fox v. National Carrier,* 709 P.2d 1050 (Okla.1985), and which allowed recovery because the worker, while in the course of employment, was exposed to the risk of harm, was contravened by two statutory amendments which became effective November 1, 1986.

■ Because Mrs. McLemore claims her husband was traveling in the course of his employment when the fatal accident occurred, we asked the parties to address *Burns'* application to this case. Mrs. McLemore argues her claim must be evaluated under the law as it existed prior to the 1986 amendments identified in *Burns* because her husband's injury and death occurred on April 11, 1986, prior to the effective date of the amendments upon which the Court based its decision in *Burns.* She correctly points out that the workers' compensation statutes which control the compensability of a claim are those in force at the time of the injury. *Weber v. Armco, Inc.,* 663 P.2d 1221 (Okla. 1983).

Employer does not disagree with this general proposition but argues that *Burns* was merely an exposition of the law as it had always been and the adoption of the amendments worked no change in the law applicable to this accident. We disagree. The *Burns* Court clearly based its decision to reject *Fox's* continued viability on the adoption of the amendments made effective after the accident which caused Mr. McLemore's death. *Burns'* holding is inapplicable to Mrs. McLemore's claim, and we need not find some greater risk to Mr. McLemore than to the general traveling public in order to sustain the order of the Workers' Compensation Court.

■ Our final task is to consider whether this record contains any competent evidence to support the trial court's conclusion that Mr. McLemore's death "arose out of" and "in the course of" his employment with Employer. Under Oklahoma's Workers' Compensation Act, compensation is due an injured employee only when an accidental injury satisfies both the requirements of "arising out of" and "in the course of" employment. *Thomas v. Keith Hensel Optical Labs,* 653 P.2d 201 (Okla.1982). The phrase "in the course of employment" relates to the time, place or circumstances under which the injury is sustained, whereas the phrase "arises out of employment" contemplates a causal relationship between the act engaged in at the time the injury occurs and the requirements of the employment. 653 P.2d at 202. Whether an injurious event satisfies each of these elements is a fact issue. We must accept as binding a trial tribunal's findings of fact which are supported by any competent evidence. *Decker v. Oklahoma State University,* 766 P.2d 1371 (Okla.1988).

■ Employer argues that neither requirement has been met in this case because McLemore was traveling on his way home from work on purely personal business when the accident occurred, *i.e.,* eat, pack and then wait for his ride to take him to a job site in Lindsay, Oklahoma. However, the record contains competent evidence that McLemore was still "on company time" when the accident occurred, and that McLemore's trip home was to pack specialized work clothes for the job in Lindsay, *e.g.,* steel-toed boots, hard hat, extra overalls, slicker suit, which he was unable to keep at work because Employer did not provide storage for these necessities at Employer's main office in Woodward. On such a record, we cannot say the order is unsupported by any competent evidence. The order of the Workers' Compensation Court is sustained.

SUSTAINED.

GARRETT and CARL B. JONES, JJ., concur.