1998 OK CIV APP 56

**Rebecca L. REEVES, Petitioner,**

v.

**AT&T and the Workers' Compensation Court, Respondents.**

No. 90480.

Court of Civil Appeals of Oklahoma, Division No. 1.

March 27, 1998.

Brian A. Curthoys, Tulsa, for Petitioner.

David H. Bower, Oklahoma City, for Respondents.

**OPINION**

GARRETT, Judge.

¶1 Petitioner, Rebecca L. Reeves (Claimant), filed her Form 3 in the Workers' Compensation Court, alleging she sustained an accidental injury arising out of and in the course of her employment with Respondent, AT & T (Employer). She alleged she injured her shoulders, neck, upper back and right arm on November 28, 1993. At trial, the parts of the body at issue for this claim were stipulated as the neck, right shoulder and upper back.[1] The trial court entered an order, denying the claim and containing the findings that (1) Claimant failed to meet her burden of proof and failed to meet her burden of persuasion, citing *American Management Systems, Inc. v. Burns,* 1995 OK 58, 903 P.2d 288; and (2) Claimant did not sus-

---

1. The trial court consolidated two claims of Claimant for purposes of trial. The other claim is not at issue in this review proceeding.

tain an accidental personal injury arising out of and in the course of her employment.

¶ 2 Claimant appealed to the Workers' Compensation Court *En Banc.* A three judge panel entered an order in which it found the order of the trial court was not against the clear weight of the evidence or contrary to law, and affirmed. This review proceeding followed.

¶ 3 Claimant contends there was no disputed testimony, as she was the only witness who testified. She contends the court erred in finding she failed to meet her burden of proof as a matter of law and that this finding requires this Court to do a *de novo* review. However, she also argues the court's decision was not supported by any competent evidence.

¶ 4 She testified she was a long distance operator for thirteen years. She stated that on November 28, 1993, she reached for a binder weighing between 12 and 15 pounds and felt pain in her neck, upper back and shoulder. At that time, she attributed the pain to a breast biopsy performed on November 16, 1993. She testified she told Dr. A. about the pain from lifting the binder, but that she thought it was related to the breast biopsy. Claimant testified Dr. A. also believed it was due to the biopsy and told her to take it easy. He prescribed anti-inflammatory medication for her.[2] Dr. A.'s medical notes on November 29, 1993, do not refer to her neck. Moreover, the notes refer only to pain in Claimant's *left* shoulder and to the biopsy of her *left* breast. Although she contends she continued to have problems in her right arm and right hand, she did not see Dr. A. again until April 4, 1994. At that time, Dr. A. only noted Claimant's fibrocystic breast disease. At her appointment on May 4, 1994, she complained about a knot on her right forearm and pain in her right arm, but there are no complaints about an injury to her neck. She testified she continued to work from November 28, 1993, until June 10, 1994. She did not report any problems to Employer until May 4, 1994. She testified she did not realize the November 28, 1993

incident caused her problems until months later.

¶ 5 She testified she was referred to a neurosurgeon who determined she had a herniated disk in her neck. She underwent neck fusion surgery, and stated that afterward, she no longer had the burning sensation from her neck down to her elbow or the constant aching in her arm.

¶ 6 Employer's medical report from Dr. G. contains the following opinion:

> In my opinion, her neck complaints are not work related.
>
> . . .
>
> She has 0% permanent partial impairment to her left shoulder, *right shoulder, upper back,* right arm, left arm, and left hand.

¶ 7 As to findings of fact, except jurisdiction, our standard of review of a workers' compensation court order is the standard of "any competent evidence." See *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. When factual findings lack the support of any competent evidence, the trial court's decision may be determined to be erroneous. *Parks,* supra. The Supreme Court in *American Management Systems, Inc. v. Burns,* supra, stated at 1995 OK 58, ¶ 6, 903 P.2d 288, 291:

> Whether an employee's injury arises out of employment—i.e., results from a risk which is reasonably connected to an assigned task—presents an issue of fact to be determined by the trial judge. Before 1986 claimants were greatly aided in the probative process by the provisions of 85 O.S.1981 § 27 which then operated to shift to the employer the burden of producing evidence upon the critical elements of proof. Since the repeal of § 27, that onus (both of producing evidence and of persuasion) rests entirely on the claimant who must adduce every fact necessary to establish compensability. With the legislative elimination of § 27, no part of that respon-

---

2. The court sustained a hearsay objection while Claimant was stating her answer. The statement was not ordered stricken.

sibility may now be passed to the employer. It is for these reasons that pre–1986 jurisprudence on the quantum of proof needed to support an injury's nexus to employment must be re-examined for its conformity to the present-day probative regime. [Footnotes omitted]

¶ 8 Although no other witnesses testified in person at the trial, we disagree with Claimant's contention that there was no competent evidence disputing Claimant's alleged injury. Competent evidence is not limited to the testimony of witnesses at the trial. The medical records of Claimant's treating doctor, Dr. A., were admitted into evidence. Although Claimant was examined by Dr. A. on November 29, 1993, the day after the alleged injury, there were no notes taken regarding injury to her neck, right shoulder or upper back. In fact, his notes show the complaints related to her left side. Additionally, the report of Dr. G., Employer's medical expert, was admitted in evidence. Dr. G. opined her neck injury was not work-related, and her right shoulder and upper back sustained no permanent injury. There was competent evidence to support the order of the Workers' Compensation Court.

¶ 9  ORDER SUSTAINED.

JOPLIN, P.J., and CARL B. JONES, V.C.J., concur.