1998 OK CIV APP 172

**Charles R. NEALE, Petitioner,**

v.

**G & H DECOY, Wausau Insurance Company, and The Workers' Compensation Court, Respondents.**

**No. 90,804.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 26, 1998.

Rehearing Denied Aug. 14, 1998.

Certiorari Denied Nov. 18, 1998.

Glen Mullins, Oklahoma City, for Petitioner.

M. Thad Groom, Oklahoma City, for Respondents.

## OPINION

CARL B. JONES, Vice Chief Judge:

¶ 1 The only issue presented in this workers' compensation review proceeding is whether there was any support by any competent evidence of the findings that Claimant was on a personal mission at the time of his injury and that the injury did not arise out of and in the course of his employment. This proceeding comes from an order of the three-judge review panel affirming those findings of the trial court which denied compensation to Claimant.

¶ 2 First, it should be noted that Employer filed a motion to dismiss Claimant's Reply Brief on the basis that it contains quoted material not found in the record. Previously, Claimant had attached to his Brief in Chief evidentiary materials not in the record. The Supreme Court ordered Claimant to file an amended brief deleting those materials not in the record. That was done. Now, however, Claimant's Reply Brief quotes from those same materials that are still not part of the record. The Supreme Court has ordered that Employer's motion be decided by the reviewing court. Quoting from documents not admitted into evidence and thus not in the record is no more excusable than attaching the hard copy of that document to a brief. No party may supplement the record on appeal by injecting into it material that was not before the court at the judgment stage. *Frey v. Independence Fire and Casualty Co.*, 1985 OK 25, 698 P.2d 17, 20. Claimant's Reply Brief is stricken and is given no consideration for purposes of the underlying appeal.

¶ 3 Claimant worked as an accountant for Employer in Henryetta, Oklahoma. On March 3, 1997, Claimant left work in his own vehicle and contends he was on his way to the American Exchange Bank in Henryetta to make a deposit of $140.86 into Employer's account. This cash had been given to him earlier in the day with a deposit slip for Employer's account at First National Bank of Okmulgee. Claimant testified he decided to deposit the cash in the Henryetta bank to cover a possible insufficiency of funds in that account. He was injured in a motor vehicle accident before he got to the bank. Claimant testified that making the deposit was the sole purpose of his trip.

¶ 4 Employer's owner, Mr. Gazalski, testified that Claimant was not authorized to go to the Henryetta bank and had no reason to go there on Employer's behalf. There was evidence that the balance in Employer's account at the Henryetta bank during March, 1997, was never lower than $2,280.00. Furthermore, the Henryetta bank account is used only for payroll and, according to Mr. Gazalski, the only deposits into the Henryetta bank account come from funds already on deposit in the Okmulgee account. An insurance adjuster working for the insurer of the other vehicle in the accident testified that four days after the accident she interviewed Claimant who told her he was taking letters to the post office. Claimant admitted he was not authorized to go to the post office for Employer and he had never alleged he was going to the post office on Employer's business.

¶ 5 Whether an injury arises out of and in the course of employment is a question of fact. *Thomas v. Keith Hensel Optical Labs*, 1982 OK 120, 653 P.2d 201, 203. In reviewing such factual issues, this Court's review is limited to determining whether the panel-approved decision is supported by any competent evidence. *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548; *Owings v. Pool Well Service*, 1992 OK 159, 843 P.2d 380. Ordinarily, injuries incurred while going to or from Employer's premises do not arise out of and in the course of employment. *Stroud Municipal Hospital v. Mooney*, 1996 OK 127, 933 P.2d 872, 874; *Harris v. LaQuinta*, 1997 OK 50, 937 P.2d 89, 90; *Fluor Engineers & Contractors, Inc. v. Kessler*, 1977 OK 37, 561 P.2d 72, 74. There are exceptions to this rule, however. Exceptions include: where the employee on his way to or from work is charged with a work-related special duty or task; where the employee was engaged in a dual purpose trip; where the employer furnishes transportation or expenses; where the injury occurs on premises owned or controlled by employer; where the employee is transporting supplies owned by the employer and needed for

the job; and, where the employment requires the employee to be traveling on the highways in the performance of his work. *Stroud Municipal Hospital v. Mooney, supra; City of Edmond v. Monday*, 1995 OK 132, 910 P.2d 980; *Harris v. LaQuinta, supra; Fluor Engineers & Contractors, Inc. v. Kessler, supra; Max E. Landry, Inc. v. Treadway*, 1966 OK 259, 421 P.2d 829.

¶6 This case turns on whether the "special task" exception applies. Whether Claimant was on a special task or mission for his employer is a question of fact for the trial court whose findings will be sustained if supported by any competent evidence. *Stroud Municipal Hospital, supra,* at 874. There is such evidence in, if nothing else, the testimony of the adjuster who interviewed Claimant four days after the accident. That evidence indicated Claimant left work to run a personal errand. Admittedly, there was substantial evidence to the contrary, but this Court cannot and will not reweigh the evidence on non-jurisdictional issues.

¶7 Claimant also contends that even if he was injured while going to the post office on a personal errand, his trip still satisfies the "dual-purpose test" which allows his accident to be compensable. Employer points out that Claimant never asserted or argued the dual-purpose doctrine before the trial court. Further, to find merit in Claimant's dual-purpose assertion here, this Court would have to determine there was no competent evidence to support the finding that Claimant was merely on a personal errand. In our view, the evidence supports such a conclusion that Claimant was on a mere personal mission at the time of the accident. Certainly it was disputed and there was evidence to the contrary, but as the decision below was supported by competent evidence it must be sustained.

¶8 SUSTAINED.

JOPLIN, P.J., and GARRETT, J., concur.