2014 OK CIV APP 33

**CITY OF TULSA and Own Risk # 10435, Insurance Carrier, Petitioners,**

v.

**Brian S. O'KEEFE and The Workers' Compensation Court, Respondents.**

**No. 111283.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 31, 2014.

Rehearing Denied March 4, 2014.

Jordan S. Ensley, Brandy L. Shores, Latham, Wagner, Steele & Lehman, Tulsa, Oklahoma, for Petitioners.

John N. MacKenzie, Tulsa, Oklahoma, for Respondent.

BAY MITCHELL, Judge.

¶ 1 Employer City of Tulsa and its insurance carrier, Own Risk # 10435 (Employer), seek review of a unanimous order of the Workers' Compensation Court Three–Judge Review Panel. The Panel vacated the trial court's order denying compensability, determining that it was contrary to law and against the clear weight of evidence. The Panel found Claimant sustained an accidental injury to the RIGHT LEG (SPIDER BITE) arising out of and in the course of employment and awarded medical treatment as reasonable and necessary to Respondent Brian S. O'Keefe (Claimant). Because we find the Panel's determination is contrary to law and against the clear weight of evidence, its order is hereby vacated and the trial court's order is reinstated.

¶ 2 Claimant was employed as an "address coordinator," which entailed duties primarily performed at a desk in an office cubicle on the fourth floor of City Hall in Tulsa. On Wednesday, February 22, 2012, Claimant was working at his desk when he felt a "zing" sensation in his right leg. After he scratched the area, he noticed blood on his hands. He never saw a spider or otherwise discerned the source of the "zing." He awoke the following morning with flu-like symptoms, which persisted for the next few days. During this time, Claimant noticed inflammation and blistering on his right leg. The swelling and discomfort in his leg increased throughout the following weekend. On Monday, February 27, 2012, Claimant sought treatment from a chiropractor, who performed a laser treatment to the affected area. The right leg symptoms thereafter worsened, prompting Claimant to seek further medical evaluation at a clinic the following day. Care providers at that facility transported Claimant to a hospital emergency room for treatment and subsequent admission for two nights and three days of intravenous antibiotic treatment. Hospital medical records describe the leg condition as a right lower extremity infection with abscess, which was excised and drained in the emergency room. Claimant was diagnosed with "cellulitis of the leg" and "methicillin resistant staphylococcus aureus elsewhere."[1]

¶ 3 Claimant filed his Form 3 claiming a single incident work-related injury alleging his right leg condition was caused by a spider bite, which occurred while he was working at his desk. Employer argued the injury was

---

1. Additional diagnoses include leukocytosis (noted as improving upon hospital discharge), bandemia and positive SIRS criteria, which were resolved upon discharge from the hospital. These conditions **all** generally pertain to infection.

not compensable because in the absence of a causal connection between the employment and the alleged spider bite injury, the injury cannot be construed as one arising out of the employment within the meaning of Oklahoma law.

¶ 4 The trial court agreed with Employer and entered its Order Denying Compensability, noting that while Claimant sustained an injury in the course of his employment, he failed to prove the injury arose out of the employment. The Order further explains "[t]he claimant failed to establish by a preponderance of evidence that the spider bite 'was causally related to the risks incident to his mission for employer.' " *American Management Systems v. Burns*, 1995 OK 58, 903 P.2d 288, 291. Claimant appealed to the Review Panel, which vacated the trial court's Order Denying Compensability.[2] Employer appeals.[3]

■ ¶ 5 This Court on appeal may set aside the Workers' Compensation Court's order or award upon a determination that the order or award was contrary to law or against the clear weight of the evidence. 85 O.S.2011 § 340(D).[4] The law places the burden of proof on the employee "to establish by a preponderance of the evidence that such unexpected or unforeseen injury was in fact caused by the employment." 85 O.S.2011 § 308(10)(a) (defining "compensable injury").[5] "There is no presumption from the mere occurrence of such unexpected or unforeseen injury that the injury was in fact caused by the employment." *Id.* Further, compensability is dependent upon proof of two distinct elements: that injury must occur (1) *in the course of* and (2) *arise out of* the worker's employment. *Burns*, 1995 OK 58,

¶ 5, 903 P.2d at 290. As for proof of the second element, there must be a causal relationship between the injury suffered and "the risks incident to [Claimant's] mission for the employer." *Id.* "Whether an employee's injury arises out of employment—*i.e.*, results from a risk which is reasonably connected to an assigned task-presents an issue of fact to be determined by the trial judge." *Id.* at ¶ 6.

■ ¶ 6 The determinative inquiry is whether there is a causal nexus between Claimant's leg injury and the risks of his employment as opposed to one stemming from "a purely personal risk." *Id.* Another division of this Court has held an employee's injury from a spider bite did not arise out of her employment as a sales representative. *Copeland v. Boots Pharmaceuticals*, 1996 OK CIV APP 8, 916 P.2d 277, *cert. denied.* In *Copeland*, the Court reasoned there was no evidence that the employee's work as a sales representative for her employer had any connection to the risk of encountering poisonous spiders. *Copeland* provides in the absence of the causal nexus, claimant's risk of being bitten is a purely personal risk for which injuries suffered thereby are non-compensable. *Id.* at ¶ 10.

■ ¶ 7 Although it is not entirely clear Claimant's leg condition here was actually caused by a spider bite, assuming the truth of this allegation, we find the risk of being bitten by a spider is not reasonably connected to Claimant's assigned tasks as an address coordinator for the City of Tulsa. Claimant presented no evidence that work performed while sitting at an office desk and/or interacting with members of the public on behalf of Employer in the performance

2. The *En Banc* Panel's Order fails to disclose any explanation underlying its decision to reverse the trial judge's decision contrary to the statutory mandate for "specific findings to explain such reversal." 85 O.S.2011 § 340(A) (This section will be repealed on February 1, 2014 pursuant to the terms of Laws 2013, c. 208, § 171; see also 85A O.S. § 78. effective February 1, 2014).

3. We note Claimant's "Brief" in Chief on appeal fails to conform to Okla. Sup.Ct. R. 1.11 in that it contains neither an index nor any citation to the record in support of its summary of facts. Further, Claimant cites no authority whatsoever in support of his argument that Claimant's injury

arose out of the employment and/or is otherwise compensable.

4. This standard of review is applicable to claims for injuries, which occurred after the effective date of the 2010 statutory amendment. *Williams Companies, Inc. v. Dunkelgod*, 2012 OK 96, 295 P.3d 1107 (holding the law in effect at the time of injury determines the standard of review in workers' compensation appeals).

5. This section will be repealed on February 1, 2014, pursuant to the terms of Laws 2013, c. 208, § 171.

of his duties had any connection to the risk of encountering spiders. Rather, based on the record presented, we find his job exposed Claimant to no greater risk of being bitten by a spider than the general public. *See Burns*, 1995 OK 58, ¶ 7, 903 P.2d at 292 (noting *"[t] he law demands that the risk responsible for injury be causally connected to employment and exceed the ordinary hazards to which the general public is exposed."*). Insomuch as Claimant failed to prove the requisite causal connection between his right leg injury and the risks of his employment, the trial court correctly determined the injury to have stemmed from a purely personal risk rather than arising out of Claimant's employment. The review Panel erroneously vacated the trial court's order.

¶ 8 The Three–Judge Panel's Order on Appeal Vacating the Decision of the Trial Court is hereby VACATED and the trial court's July 30, 2012 Order Denying Compensability is hereby REINSTATED.

BELL, P.J., and HETHERINGTON, V.C.J. (sitting by designation), concur.