OSCN Found Document:CITY OF TULSA v. O'KEEFE

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 CITY OF TULSA v. O'KEEFE
2014 OK CIV APP 33
Case Number: 111283
Decided: 01/31/2014
Mandate Issued: 04/10/2014
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2014 OK CIV APP 33, __ P.3d __

CITY OF TULSA and OWN RISK #10435, Insurance Carrier, 
Petitioners,
v.
BRIAN S. O'KEEFE and THE WORKERS' COMPENSATION COURT, 
Respondents.

PROCEEDING TO REVIEW AN ORDER OF A THREE-JUDGE PANEL
OF THE 
WORKERS' COMPENSATION COURT

THREE-JUDGE PANEL'S ORDER VACATED;
TRIAL COURT 
ORDER REINSTATED

Jordan S. Ensley, Brandy L. Shores, LATHAM, WAGNER, STEELE & LEHMAN, 
Tulsa, Oklahoma, for Petitioners,
John N. MacKenzie, Tulsa, Oklahoma, for 
Respondent.


Bay Mitchell, Judge:
¶1 Employer City of Tulsa and its insurance carrier, Own Risk #10435 
(Employer), seek review of a unanimous order of the Workers' Compensation Court 
Three-Judge Review Panel. The Panel vacated the trial court's order denying 
compensability, determining that it was contrary to law and against the clear 
weight of evidence. The Panel found Claimant sustained an accidental injury to 
the RIGHT LEG (SPIDER BITE) arising out of and in the course of employment and 
awarded medical treatment as reasonable and necessary to Respondent Brian S. 
O'Keefe (Claimant). Because we find the Panel's determination is contrary to law 
and against the clear weight of evidence, its order is hereby vacated and the 
trial court's order is reinstated.
¶2 Claimant was employed as an "address coordinator," which entailed duties 
primarily performed at a desk in an office cubicle on the fourth floor of City 
Hall in Tulsa. On Wednesday, February 22, 2012, Claimant was working at his desk 
when he felt a "zing" sensation in his right leg. After he scratched the area, 
he noticed blood on his hands. He never saw a spider or otherwise discerned the 
source of the "zing." He awoke the following morning with flu-like symptoms, 
which persisted for the next few days. During this time, Claimant noticed 
inflammation and blistering on his right leg. The swelling and discomfort in his 
leg increased throughout the following weekend. On Monday, February 27, 2012, 
Claimant sought treatment from a chiropractor, who performed a laser treatment 
to the affected area. The right leg symptoms thereafter worsened, prompting 
Claimant to seek further medical evaluation at a clinic the following day. Care 
providers at that facility transported Claimant to a hospital emergency room for 
treatment and subsequent admission for two nights and three days of intravenous 
antibiotic treatment. Hospital medical records describe the leg condition as a 
right lower extremity infection with abscess, which was excised and drained in 
the emergency room. Claimant was diagnosed with "cellulitis of the leg" and 
"methicillin resistant staphylococcus aureus elsewhere."[1]
¶3 Claimant filed his Form 3 claiming a single incident work-related injury 
alleging his right leg condition was caused by a spider bite, which occurred 
while he was working at his desk. Employer argued the injury was not compensable 
because in the absence of a causal connection between the employment and the 
alleged spider bite injury, the injury cannot be construed as one arising out of 
the employment within the meaning of Oklahoma law.
¶4 The trial court agreed with Employer and entered its Order Denying 
Compensability, noting that while Claimant sustained an injury in the course of 
his employment, he failed to prove the injury arose out of the employment. The 
Order further explains "[t]he claimant failed to establish by a preponderance of 
evidence that the spider bite 'was causally related to the risks incident to his 
mission for employer.'" American Management Systems v. Burns, 1995 OK 58, 903 P.2d 288, 291. Claimant appealed 
to the Review Panel, which vacated the trial court's Order Denying 
Compensability.[2] Employer appeals.[3]
¶5 This Court on appeal may set aside the Workers' Compensation Court's order 
or award upon a determination that the order or award was contrary to law or 
against the clear weight of the evidence. 85 O.S. 2011 §340(D).[4] The law places 
the burden of proof on the employee "to establish by a preponderance of the 
evidence that such unexpected or unforeseen injury was in fact caused by the 
employment." 85 O.S. 2011 
§308(10)(a.)(defining "compensable injury").[5] "There is no presumption from the mere 
occurrence of such unexpected or unforeseen injury that the injury was in fact 
caused by the employment." Id. Further, compensability is dependent upon 
proof of two distinct elements: that injury must occur (1) in the course 
of and (2) arise out of the worker's employment. Burns, 1995 OK 58, ¶5, 903 P.2d at 290. As 
for proof of the second element, there must be a causal relationship between the 
injury suffered and "the risks incident to [Claimant's] mission for the 
employer." Id. "Whether an employee's injury arises out of employment 
-- i.e., results from a risk which is reasonably connected to an assigned 
task - presents an issue of fact to be determined by the trial judge." 
Id. at ¶6.
¶6 The determinative inquiry is whether there is a causal nexus between 
Claimant's leg injury and the risks of his employment as opposed to one stemming 
from "a purely personal risk." Id. Another division of this Court has 
held an employee's injury from a spider bite did not arise out of her employment 
as a sales representative. Copeland v. Boots Pharmaceuticals, 1996 OK CIV APP 8, 916 P.2d 277, cert. denied. In 
Copeland, the Court reasoned there was no evidence that the employee's 
work as a sales representative for her employer had any connection to the risk 
of encountering poisonous spiders. Copeland provides in the absence of 
the causal nexus, claimant's risk of being bitten is a purely personal risk for 
which injuries suffered thereby are non-compensable. Id. at ¶10.
¶7 Although it is not entirely clear Claimant's leg condition here was 
actually caused by a spider bite, assuming the truth of this allegation, we find 
the risk of being bitten by a spider is not reasonably connected to Claimant's 
assigned tasks as an address coordinator for the City of Tulsa. Claimant 
presented no evidence that work performed while sitting at an office desk and/or 
interacting with members of the public on behalf of Employer in the performance 
of his duties had any connection to the risk of encountering spiders. Rather, 
based on the record presented, we find his job exposed Claimant to no greater 
risk of being bitten by a spider than the general public. See Burns, 1995 OK 58, ¶7, 903 P.2d at 292 
(noting "[t]he law demands that the risk responsible for injury be causally 
connected to employment and exceed the ordinary hazards to which the general 
public is exposed."). Insomuch as Claimant failed to prove the requisite 
causal connection between his right leg injury and the risks of his employment, 
the trial court correctly determined the injury to have stemmed from a purely 
personal risk rather than arising out of Claimant's employment. The review Panel 
erroneously vacated the trial court's order.
¶8 The Three-Judge Panel's Order on Appeal Vacating the Decision of the Trial 
Court is hereby VACATED and the trial court's July 30, 2012 Order Denying 
Compensability is hereby REINSTATED.

BELL, P.J., and HETHERINGTON, V.C.J. (sitting by designation), 
concur.

FOOTNOTES

[1] 
Additional diagnoses include leukocytosis (noted as improving upon hospital 
discharge), bandemia and positive SIRS criteria, which were resolved upon 
discharge from the hospital. These conditions all generally pertain to 
infection.

[2] The 
En Banc Panel's Order fails to disclose any explanation underlying its 
decision to reverse the trial judge's decision contrary to the statutory mandate 
for "specific findings to explain such reversal." 85 O.S. 2011 §340(A) (This section 
will be repealed on February 1, 2014 pursuant to the terms of Laws 2013, c. 208, 
§171; see also 85A O.S. §78, 
effective February 1, 2014).

[3] We note 
Claimant's "Brief in Chief" on appeal fails to conform to Okla. Sup. Ct. R. 1.11 
in that it contains neither an index nor any citation to the record in support 
of its summary of facts. Further, Claimant cites no authority whatsoever in 
support of his argument that Claimant's injury arose out of the employment 
and/or is otherwise compensable.

[4] This 
standard of review is applicable to claims for injuries, which occurred after 
the effective date of the 2010 statutory amendment. Williams Companies, Inc. 
v. Dunkelgod, 2012 OK 96, 295 P.3d 1107 (holding the law in 
effect at the time of injury determines the standard of review in workers' 
compensation appeals).

[5] This 
section will be repealed on February 1, 2014, pursuant to the terms of Laws 
2013, c. 208, §171.





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 1996 OK CIV APP 8, 916 P.2d 277, 67 OBJ 1609, Copeland v. Boots Pharmaceuticals
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 1995 OK 58, 903 P.2d 288, 66 OBJ 1926, American Management Systems, Inc. v. Burns
Discussed at Length 2012 OK 96, 295 P.3d 1107, WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed
Title 85. Workers' Compensation Cite
Name
Level 85 O.S. 308, Definitions
Cited 85 O.S. 340, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Discussed
Title 85A. Workers' Compensation Cite
Name
Level 85A O.S. 78, Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Cited