**FLUOR ENGINEERS & CONTRACTORS, INC., and Twin City Fire Insurance Company, Petitioners,**

v.

**Richard E. KESSLER and State Industrial Court of the State of Oklahoma, Respondents.**

**No. 49949.**

Supreme Court of Oklahoma.

March 1, 1977.

Harry R. Palmer, Jr., Oklahoma City, for respondents.

Milton R. Moon, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for petitioners.

DOOLIN, Justice.

This is a proceeding to review by Fluor Engineers and Contractors, Inc., and its insurance carrier (hereinafter referred to as respondent), from an award by the State Industrial Court. The award, affirmed en banc, was based on injuries sustained by claimant in a highway accident that occurred while claimant traveled from his home in Norman to Woodward, Oklahoma, to report for his first day on the job as an employee of Fluor.

Claimant who lived in Norman is a journeyman iron worker who contacted a local union seeking employment. Claimant testified that as a member of the union, he is not permitted to apply for a job directly to an employer, but must apply through the union. The union official informed him there was a job with Fluor available in Woodward. He was advised to report there for work at 8:00 A.M. the next morning. The union dispatcher filled out a work certificate and claimant picked it up before leaving for Woodward. It was while en route to Woodward that claimant was injured in the highway accident.

Claimant timely filed his Form 3 but respondents did not file an answer. At the hearing respondents raised the defense claimant was not an employee of Fluor at the time of the accident and his injuries did not arise out of, or in the course of employment with them. Thus respondents claim, he was barred from coverage under the Workmen's Compensation Act, and trial court lacked jurisdiction to make an award.

Claimant countered by objecting to any testimony addressing the question of an employer-employee relationship relying on Rule 10 of the Industrial Court Rules. 85 O.S.1976 Supp. Ch. 4, App.Rule 10 provides:

"If the claim is denied by the respondent, an answer *must* be filed within twenty (20) days from the date of the filing of the claim. A general denial of or failure to file an answer admits all of the allegations set out in the claim except the nature and extent of disability. Anything else denied must be set out in the answer. All affirmative defenses must be plead. Copies of the answer shall be furnished the claimant or his attorney by the respondent or its insurance carrier. No reply thereto is required."

Here, because respondents filed no answer, claimant asserts the employer-employee relationship should not be an issue. The trial court reserved a ruling on this issue until the completion of the hearing at which time it found claimant sustained an accidental injury arising out of and in the course of his employment and awarded temporary total disability. Respondents seek review.

■ The first prerequisite to jurisdiction of the State Industrial Court to award compensation is a showing that claimant was, at the time of his injury, an employee of the respondent.[1] In *Jones v. Cole*, 467 P.2d 492 (Okl.1970), we held a trial court did not err in relaxing Rule 10 and allowing the respondent to file his answer at the time of the trial. In that case the claimant was required to establish the employer-employee relationship at the hearing notwithstanding the requirements of Rule 10. We

hold that in the instant case, the trial court did not err in allowing respondent to present evidence at the hearing directed to the issue of whether claimant was an employee of respondent Fluor at the time of his injury.

■ The remaining question involved on review is whether trial court was correct in finding claimant was acting in the course of employment with respondent Fluor at the time of his injuries. Where the relationship of employer and employee is considered at trial level, a jurisdictional question is presented and this court, on review will determine, as a matter of law, whether *facts* are sufficient to establish the existence of such relationship.[2] The court will not accept as conclusive findings of Industrial Court concerning this jurisdictional fact, but will weigh the evidence relating thereto and make its own independent finding of fact.[3]

■ Ordinarily a person's employment does not begin until he reaches his place of employment.[4] The general rule is that an employer is not responsible for injuries sustained by an employee in traveling to his place of work.[5] Exceptions to this rule may be found if the employer is furnishing the transportation or paying traveling expenses.[6] Highway accidents may also be covered if the employment requires the claimant in the performance of his work to be upon the highways.[7] Another exception to the general rule exists where an employee is charged with a special task or duty by his employer outside regular working hours.[8] Further, an injury sustained by an

1. *Parten v. State Industrial Court of State of Oklahoma*, 496 P.2d 114 (Okl.1972).

2. *Parten v. State Industrial Court of State of Oklahoma*, supra note 1.

3. *Cook Construction Company v. Longcrier*, 405 P.2d 165 (Okl.1965).

4. *Southern Surety Co. of New York v. Cline*, 149 Okl. 27, 299 P. 139 (1931).

5. *Mead Bros. v. State Industrial Commission*, 144 Okl. 279, 291 P. 571 (1930); *Snodgrass v. Douglas Aircraft Co.*, 406 P.2d 463 (Okl.1965);

*FWA Drilling Co. v. Ulery*, 512 P.2d 192 (Okl. 1973).

6. *Jack Coates Field Service Co. v. Dutton*, 415 P.2d 924 (Okl.1966).

7. *Weatherbee Electric Co. v. Duke*, 294 P.2d 298 (Okl.1956).

8. *Anderson Construction Co. v. Franklin*, 315 P.2d 785 (Okl.1957).

employee on his way to work may be deemed to have arisen out of and in the course of his employment if the injury occurred on premises owned or controlled by his employer.[9]

In *Weatherbee Electric Company v. Duke*,[10] we held a claimant was an employee of respondent where he was transporting materials and supplies owned by his employer. But, in *Norvell v. Paul Hardeman, Inc.*, 377 P.2d 208 (Okl.1962) the fact that an employee, injured on his way home from work had in his possession a hardshell hat and a pocket rule belonging to his employer, or that he was given a daily travel allowance, was not enough to establish an employer-employee relationship.

██ None of the above cited exceptions apply here. Although the union acted as hiring agent of Fluor and claimant was carrying his own tools he had not commenced his duties at the time of the accident. The fact that claimant was transporting his own tools to the job does not establish he was hauling materials for his employer. Neither can driving from his home to another job in a different city be held to be a "special task."

None of the exceptions to the general rule provided in the above cited authorities involved situations where a claimant had not yet started to work for the respondent employer. We find no evidence of an employer-employee relationship existed at the time of the accident. The journey to Woodward at the time of the accidental injury did not arise out of or in the course of employment with Fluor because there was no employee-employer relationship at time of accident. The trial court erred in awarding compensation to claimant based on this determination.

AWARD VACATED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

9. *Max E. Landry Inc. v. Treadway*, 421 P.2d 829 (Okl.1966).