2013 OK CIV APP 111

**L.E. JONES DRILLING COMPANY and The Gray Insurance Company, Petitioners,**

v.

**Dennis HODGE and The Workers' Compensation Court, Respondents.**

No. 110859.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 19, 2013.

Rehearing Denied May 20, 2013.

Certiorari Denied Sept. 16, 2013.

---

Mia C. Rops, Walker Ferguson & Ferguson, Oklahoma City, Oklahoma, For Petitioners.

John Colbert, Ardmore, Oklahoma, for Respondents.

LARRY JOPLIN, Chief Judge.

¶ 1 Petitioners L.E. Jones Drilling Company and the Gray Insurance Company (collectively, Employer) seek review of the trial court's order granting benefits to Respondent Dennis Hodge (Claimant) for accidental personal injuries suffered in an automobile accident. In this review proceeding, Employer asserts Claimant's injuries did not arise out of and in the course of the employment, and, accordingly, the trial court erred as a matter of fact and law in so holding.

¶ 2 Claimant worked as a "tool pusher" supervising all activities on oil rigs to which Employer assigned him. Claimant worked six days on and two days off, and, on his days of duty, if not actually on his assigned drilling site, Claimant was nevertheless "on call" twenty-four hours a day. Employer provided Claimant with a company vehicle to drive to, from and among his assigned well sites. Employer also provided

Claimant with a trailer on the well site in which Claimant stayed if necessary, but Claimant was also permitted to leave the well site and spend the night at home if drilling activities did not demand his direct attention. A representative of Employer testified Claimant was also permitted to return home in his company vehicle to pick up clothes and other necessaries for performance of his duties on a well site.

¶3 On September 24, 2011, Claimant had been working on his assigned well site for two days, and drove his company vehicle home to retrieve clean clothes. He arrived at home, stayed only fifteen or twenty minutes to retrieve his clothes, and left on his return trip to the well site to receive an expected delivery of parts. On his way back the well site, Claimant sustained injuries in a motor vehicle accident while driving his company truck. Employer denied the accident arose out of and in the course of the employment, but rather, during a period while going to and from the employment, statutorily defined as outside the scope and course of the employment by 85 O.S.2011 § 312(6), the law in effect at the time of Claimant's injury.

¶4 On consideration of the facts we have recounted, the trial court held Claimant had suffered a compensable accidental personal injury arising out of and in the course of the employment:

–1–

THAT claimant's place of employment was the respondent provided "company vehicle" and the "on-site oil rigs."

–2–

THAT the claimant was a "tool pusher" on call twenty-four (24) hours each day of the contractual six (6) days on and was not on "24 hour call" on his two (2) days off.

–3–

THAT as a "tool pusher" claimant was a supervisor and was not subject to a "time clock."

–4–

THAT claimant's accidental personal injury was sustained in the course of his employment. The perimeters [sic] of his employment included the time and place of his company vehicle. The claimant was performing duties that benefitted the employer and was not engaged in an activity solely related to a personal errand.

Employer then commenced the instant proceeding for review.

¶5 The law in effect at the time of the injury controls. *Williams Companies, Inc. v. Dunkelgod,* 2012 OK 96, 295 P.3d 1107. On review of the trial court's interpretation and application of the law in effect at the time of the injury, we examine the trial court's legal rulings *de novo,* without deference to the trial court's determination. *See, e.g., Mays Plus, Inc. v. Ennis,* 2006 OK CIV APP 59, ¶6, 135 P.3d 839, 841. (Citation omitted.) On issues of fact, we apply the standard of review in effect at the time of the injury, and the law in effect at the time of Claimant's injury dictates that we must affirm the decision of the Workers' Compensation Court unless against the clear weight of the evidence. *Dunkelgod,* 2012 OK 96, ¶18, 295 P.3d at 1113; 85 O.S. Supp.2011 § 340(D).

¶6 Under the law in effect both prior to and at the time of Claimant's injury, an employer was liable to pay benefits only for accidental personal injuries which arose out of and in the course of the employment. 85 O.S.2001 § 11; 85 O.S.2011 § 310(A). Historically, the phrase "arising out of" the employment required proof of "a causal relationship between the act being done at the time of injury and the requirements of employment," while the phrase "in the course of" the employment contemplated a relationship between the employment and "the time, place, or circumstances under which the injury occurs." *Stroud Mun. Hosp. v. Mooney,* 1996 OK 127, ¶¶4–5, 933 P.2d 872, 874.

¶7 Relevant to this proceeding: [A]n injury sustained while going to or from an employer's premises is not one arising out of and in the course of employment within the meaning of the Act. There

are exceptions to this doctrine, . . .:(1) if the employer furnishes the transportation or pays travel expenses, (2) if the employee is assigned a special task outside regular working hours, or (3) if the injury occurs on premises owned or controlled by the employer. Awards have also been sustained where the employee, on his way to or from work, is still charged with some duty in connection with employment, and when the employee is engaged in a dual purpose trip.

*Stroud Mun. Hosp.*, 1996 OK 127, ¶ 6, 933 P.2d at 874. So, where the employer paid the employee travel expenses for the going and coming trip, or the employer furnished the employee with a vehicle for the going and coming trip, the going and coming trip fell within "the scope of the employment" because the journey was considered to be a part of the service for which the employee was compensated. Larson, Workers' Compensation Law, §§ 14.06[1], 14.07[1], fn. 2 (2d Ed.2008). Oklahoma precedent was in accord. *See, e.g., Jack Coates Field Service Co. v. Dutton,* 1966 OK 13, ¶ 13, 415 P.2d 924, 926 [1]; *Charles H. Stanford, Inc. v. Gregory,* 1956 OK 293, 303 P.2d 1112, 1114 [2]; *Trans–Tex Drilling Co. v. Pittser,* 1956 OK 181, ¶ 5, 298 P.2d 446, 447–448.[3]

¶ 8 However, says Employer, statutory amendments have changed these rules. That is to say, at the time of Claimant's accident, the Oklahoma Legislature defined the term "compensable injury" to mean "any injury . . . which arises out of and in the course of employment if such employment was the major cause of the specific injury." 85 O.S.2011 § 308(10)(a). On the exceptions to the "going and coming" rule recognized in *Stroud Mun. Hosp.*, the Workers' Compensation Act now specifically provides:

> The following shall not constitute a compensable injury under the Workers' Compensation Code:
>
> . . .
>
> 6. An injury which occurs outside the course of employment. Employment shall be deemed to commence when an employee arrives at the employee's place of employment to report for work and shall terminate when the employee leaves the employee's place of employment, excluding areas not under the control of the employer or areas where essential job functions are not performed; provided, however, when the employee is instructed by the employer to perform a work-related task away from the employee's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the performance of job duties directly related to the task as instructed by the employer, including travel time that is solely related and necessary to the employee's performance of the task. Travel by a policeman, fireman, or a member of a first aid or rescue squad, in responding to and returning from an emergency, shall be deemed to be in the course of employment.

Employer argues that this provision, silent on the exception for employer-paid travel expenses, or employer-provided transporta-

---

1. "Inasmuch as we interpret the contract of the parties to intend that the points of time set forth therein were of the essence only insofar as it fixed the amount of travel time for which pay would be allowed and further fixed the time when deceased's pay period would commence and that the time of departure by the decedent from Oklahoma City for his place of employment was not of the essence, and decedent was actually on his way to the place of employment at the time of his death, we can only conclude that the decedent must be treated as an employee at the time of his death."

2. "There is competent evidence reasonably tending to support the finding that claimant was to be paid for the time consumed in traveling to and from Oklahoma City and that therefore the accidental injury arose out of and in the course of the employment."

3. ". . . Deceased was given the pickup truck for his convenience in traveling and it was maintained and operated at the expense of the employer.... Traveling in the pickup truck was for the convenience of himself and his employer and a part of his work. The president of the drilling company who employed deceased stated that deceased was on the job twenty-four hours a day. He was an expert mechanic whose duties on many occasions required him to work at night. Under the facts in the instant case we are of the opinion that at the time of the accidental injury he was within the scope of his employment and that the said injury arose out of same."

tion, must now be read to specifically exclude coverage for any injury sustained while the employee is en route to and from the employee's place of employment, regardless of the means of transportation or employer's payment of travel expenses, and that because Claimant's accident occurred en route to the job-site, it did not occur "in the course of the employment."

¶ 9 In the present case, the Oklahoma Legislature was apparently well aware of at least two of the three precedential exceptions to the going and coming rule, and spoke directly to them. First, in amended 312(6), the Legislature clearly limited the boundaries of the employer's "place of employment [to] exclud[e] areas not under the control of the employer or areas where essential job functions are not performed," and thus, by statute, rejected the exception which recognized that injuries occurring in an employer-provided parking lot or on other parts of an employer's premises were considered to have occurred "in the course of the employment." *See, e.g., Turner v. B Sew Inn,* 2000 OK 97, 18 P.3d 1070. Second, in amended § 312(6), the Oklahoma Legislature clearly approved and codified the "special mission" exception to the going and coming rule, so that injuries sustained by an employee while engaged in a special mission or task for the employer en route to or from the place of employment remain compensable as injuries occurring in the course of the employment. *Stroud Mun. Hosp.,* 1996 OK 127, ¶ 12, 933 P.2d at 874.[4]

▮ ¶ 10 As to the third exception for employer-provided transportation, however, the Legislature said nothing. Legislative silence on a well-established point of law is not indicative of the abrogation of prior law. *Burns v. U.S.,* 501 U.S. 129, 136, 111 S.Ct. 2182, 115 L.Ed.2d 123 (U.S.D.C.) 1991.[5] Re-

peals by implication are not favored. *Roxana Petroleum Co. v. Cope,* 1928 OK 442, ¶ 0(3), 132 Okla. 152, 269 P. 1084. Legislative intent controls statutory interpretation. *Tyler v. Shelter Mut. Ins. Co.,* 2008 OK 9, ¶ 12, 184 P.3d 496, 499–500. (Footnotes omitted.) We presume the Legislature expressed its intent in the statute and intended what it expressed. *Oklahoma City Zoological Trust v. State ex rel. Public Employees Relations Bd.,* 2007 OK 21, ¶ 6, 158 P.3d 461, 464. (Footnotes omitted.) We are not free under the guise of construction to rewrite the statute, or to add to, subtract from, delete or distort the language of the statute. *Id.*

¶ 11 So, what are we to make of the legislative pronouncement in § 312(6)? Having spoken to two of the three judicially recognized exceptions to the going and coming rule, are we to presume the Legislature overlooked the third? We think not. Rather, we presume the Legislature knew there existed a third exception, and consciously chose not to address it.

¶ 12 On this issue, Employer nevertheless argues that, having not addressed this third exception, we must "surmise" the Legislature intended to exclude it. However, we cannot say whether our lawmakers intended to approve of or abrogate the employer-provided-transportation exception to the going and coming rule. The Legislature addressed two of the three exceptions, incorporating one and rejecting one, and from this circumstance, it would constitute gross speculation to conclude whether the Legislature intended to incorporate or reject the third exception for employer-provided transportation. All we can conclude is that this Legislature did not address, and therefore did not change, the employer-provided-transportation excep-

---

4. In *Stroud,* the Supreme Court held that an employee, called back to the employer's premises during his lunch break and injured in an automobile accident while answering his employer's summons, was engaged in a "special mission" for employer, and hence, suffered a compensable accidental injury arising out of and in the course of the employment. 1996 OK 127, ¶ 12, 933 P.2d at 875.

5. "As one court has aptly put it, '[n]ot every silence is pregnant.' *State of Illinois Dept. of*

*Public Aid v. Schweiker,* 707 F.2d 273, 277 (7th Cir.1983). In some cases, Congress intends silence to rule out a particular statutory application, while in others Congress' silence signifies merely an expectation that nothing more need be said in order to effectuate the relevant legislative objective. An inference drawn from congressional silence certainly cannot be credited when it is contrary to all other textual and contextual evidence of congressional intent."

tion to the going and coming rule. This exception therefore applies in this case.

¶ 13 As applied in the present case, the evidence is clear that Employer provided Claimant with a company vehicle because the terms and conditions of Claimant's employment required travel, and Employer compensated Claimant for his travel by providing him with a company vehicle. Employer permitted Claimant to come and go from his assigned work site as the demands of the well under Claimant's supervision permitted. Employer permitted Claimant to go home in the evenings to spend the night, and even permitted Claimant to return home to retrieve clothes and other necessaries for his duty on a well site. Claimant's injury occurred in an automobile accident while Claimant was en route back to his assigned well site to receive an order of parts scheduled for delivery the day of the accident.

¶ 14 On these facts, the Workers' Compensation Court determined Claimant sustained an accidental personal injury arising out of and in the course of the employment. The order of the Workers' Compensation Court is neither contrary to amended § 312(6) as we have construed it, nor contrary to the clear weight of the evidence. The order of the Workers' Compensation Court is therefore SUSTAINED.

BELL, J., concurs.

KENNETH L. BUETTNER, Presiding Judge, dissenting.

¶ 15 I do not believe it would require gross speculation to interpret 85 O.S.2011 § 312(6) as it is written:

Employment shall be deemed to commence when an employee arrives at the employee's place of employment to report for work and shall terminate when the employee leaves the employee's place of employment,...."

This language does not depend on whether the employee travels in his own vehicle or a company supplied vehicle.

¶ 16 Under the majority's opinion, regardless of where an employee decides to drive his company vehicle, the grocery store, personal bank, post office, or laundromat, he will always be in the course of employment.

¶ 17 There is no need to read an old exception into a new statute. I respectfully dissent.